UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20867-CIV-ALTONAGA/Reid

LOUIS VUITTON MALLETIER,

     Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

     Defendants.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court *sua sponte*. On February 27, 2025, Plaintiff, Louis Vuitton Malletier filed Schedule A [ECF No. 7-1] under seal, identifying Defendants it alleges are infringing upon its trademarks.[1] Upon review of Schedule A and the allegations in the Complaint [ECF No. 1], the Court is concerned joinder of Defendants may be improper. Thus, before proceeding, Plaintiff shall provide a memorandum explaining why each Defendant listed on Schedule A is properly joined. The Court explains.

This case arises from a trademark dispute stemming from international online commerce. Plaintiff is a foreign corporation organized under the laws of France. (*See* Compl. ¶ 4). Plaintiff sells and manufactures "a variety of high-quality goods under multiple world-famous common law and federally registered trademarks" worldwide and within the state of Florida. (*Id.*). Defendants, who conduct business across the United States, including in Florida, are individuals and business entities residing in foreign jurisdictions. (*See id.* ¶¶ 7, 11). Defendants have

---

[1] On the same day, Plaintiff also filed an *Ex Parte* Application for Entry of Temporary Restraining Order . . . [ECF No. 8] and an *Ex Parte* Motion for Order Authorizing Alternate Service of Process . . . [ECF No. 9], which the Court will not address until its concerns about joinder have been resolved.

allegedly created "commercial Internet based e-commerce stores" that purport to sell Plaintiff's trademarked products — but in fact sell inferior counterfeit products. (*Id.* ¶ 7; *see also id.* ¶¶ 8–14). On February 25, 2025, Plaintiff filed its Complaint seeking relief against "the individuals, business entities, and unincorporated associations identified on Schedule A[.]" (*Id.* 1 (alteration added; quotation marks omitted)).[2] The Court permitted Plaintiff to file Schedule A under seal (*see* Feb. 25, 2025 Order [ECF No. 6]), which Plaintiff did, listing 12 Defendants under 27 different e-commerce store names (*see* Schedule A 1–2).

Under Federal Rule of Civil Procedure 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if" two conditions are met. *Id.* (alterations added). First, "any right to relief [must be] asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" *Id.* 20(a)(2)(A) (alterations added). Second, "any question of law or fact common to all defendants [must] arise in the action." *Id.* 20(a)(2)(B) (alteration added).

The Eleventh Circuit looks to Federal Rule of Civil Procedure 13(a) to determine what constitutes a transaction or occurrence for purposes of Rule 20(a). *See Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Rule 13(a) includes the language "transaction or occurrence" and is governed by the "logical relationship test." *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (citation, quotation marks, and footnote call number omitted). "Under this test, there is a logical relationship [between claims] when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (alteration added; citations and

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

quotation marks omitted).  Similarly, then, joinder is permissible if there is a logical relationship between the underlying operative facts and the claims brought.  *See Alexander*, 207 F.3d at 1323. A  mere allegation that defendants are connected by their shared "indifference" to Plaintiff's rights, is not necessarily sufficient for permissible joinder.  *Skillern v. Georgia Dep't of Corr. Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010).

Joinder is "strongly encouraged[,]" and the rules are construed generously "toward entertaining the broadest possible scope of action consistent with fairness to the parties[.]"  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (alterations added; footnote call number omitted).    Yet, district courts have "broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices."  *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).  Further, Rule 21 provides that, "on its own, [a] court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21 (alteration added); *see also Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1326 (S.D. Fla. 2014) (explaining that courts have "virtually unfettered" discretion to sever mis-joined parties (citation and quotation marks omitted)).

Here, Plaintiff's allegations regarding the relationship between the Schedule A Defendants are, perhaps understandably, short on details.  According to Plaintiff, "[g]iven the visibility of Defendants' various e-commerce stores and the similarity of their concurrent actions, it is clear Defendants are either affiliated, or at a minimum, cannot help but know of each other's existence[.]"  (Compl. ¶ 33 (alterations added)).  Further, Plaintiff states Defendants "are each using [Plaintiff's] Marks to initially attract online consumers and drive them to Defendants' e-commerce stores[.]"  (*Id.* ¶ 24 (alterations added)).  Thus, Plaintiff brings its claims against all Defendants listed in Schedule A.  (*See id.* ¶¶ 40–65; *see also* Schedule A 1–2).

Unfortunately for Plaintiff, district courts in this Circuit and others have concluded that similar allegations do not establish that violations arise out of the same transaction or occurrence; nor do they permit the court to find a logical relationship between the defendants. *See, e.g.,* *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Assocs. Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1352–53 (S.D. Fla. 2023) (collecting cases); *Kay v. Individuals, P'ships, and Unincorporated*, No. 23-cv-22755, 2023 WL 6809762, at *1–2 (S.D. Fla. Oct. 16, 2023), *Collectanea J. Ltd. LTD v. The Individuals, P'ships, and Unincorporated Assocs. Identified on Schedule "A"*, No. 23-cv-61538, Order to Show Cause [ECF No. 13] 4, filed November 9, 2023 (S.D. Fla. 2024).   After all, a plaintiff's "broad, conclusory allegations of connectivity do not establish a sufficient connection between [d]efendants to permit joinder." *Omega, SA*, 650 F. Supp. 3d at 1353 (alteration added; citation omitted).   Nor does "simply committing the same type of violation in the same way . . . link defendants together for the purposes of joinder." *Id.* (alteration adopted; other alteration added; citation and quotation marks omitted).

Consequently, courts have found it insufficient for plaintiffs to allege defendants "are concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of [a plaintiff's trademarks]." *Id.* at 1352 (alteration added; citation and quotation marks omitted); *see also Kay*, 2023 WL 6809762, at *2 (finding insufficient a plaintiff's allegations that the defendants' conduct was "'logically related' because 'all Defendants' are using 'the same systemic approach'" (alteration adopted; citation omitted)); *Collectanea J. Limited LTD*, No. 23-cv-61538, Order to Show Cause 4 (finding the plaintiff's argument — that there must exist a logical relationship between the defendants because they "share unique identifiers, such as design

4

CASE NO. 25-20867-CIV-ALTONAGA/Reid

elements and similarities of the infringing products" — unpersuasive as a "conclusory assertion of permissive joinder" (citation and quotation marks omitted)).

Against this backdrop, the allegations in Plaintiff's Complaint are, standing alone, similarly insufficient to justify joinder.  Accordingly, it is

**ORDERED** that on or before **March 7, 2025**, Plaintiff, Louis Vuitton Malletier shall show cause why Defendants — aside from the first Defendant on Schedule A **[ECF No. 7-1]** — should not be severed and dismissed.  In its response, Plaintiff must set forth a proper basis for joinder under Rule 20 and explain why joinder would promote judicial economy.  Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order . . . **[ECF No. 8]** and *Ex Parte* Motion for Order Authorizing Alternate Service of Process . . . **[ECF No. 9]** are **DENIED without prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 27th day of February, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

5